ELY et al. v. VAN KANNEL REVOLVING DOOR CO.

(Circuit Court, E. D. New York. February 9, 1911.)

**1. Receivers (§ 154\*)—Allowance to Attorney.**

Where the attorney for complainant creditors in receivership proceedings was awarded an allowance of $2,000 for services to the temporary receivers to October, 1909, and thereafter devoted nearly an equal amount of time to matters connected with the work of the permanent receivers, he was entitled to a further allowance of $2,000, and the firm to which he belonged was entitled to a further allowance of $1,200 for instituting the action and conducting the proceedings generally for the benefit of all the creditors, in addition to taxable costs and disbursements in the action.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 282; Dec. Dig. § 154.\*]

**2. Receivers (§ 189\*)—Creditors—Allowance to Creditors' Attorneys.**

Where creditors presented claims to receivers of the debtor which were rejected, whereupon the creditors prosecuted their claims to an allowance before a master, the creditors' attorney was entitled to an allowance for taxable disbursements and a docket fee, but not to an attorney's fee.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 379; Dec. Dig. § 189.\*]

**3. Receivers (§ 207\*)—Payment of Dividends.**

Where dividends payable by a federal court receiver are claimed by a receiver appointed in an action in a state court, it is the duty of the federal court receiver to deposit the dividends in a court having competent jurisdiction, unless a release of all the parties claiming the same can be obtained without such deposit.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 411; Dec. Dig. § 207.\*]

**4. Receivers (§ 149\*)—Claims—Contract of Employment—Breach.**

When a contract for services not of a personal nature for a definite period is broken by the discharge of the person furnishing the services either just before, or at, or after, insolvency, the servant's claim for damages should be liquidated against the insolvent's estate, if a satisfactory measure of damage can be shown.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 149.\*]

**5. Courts (§ 359\*)—Federal Courts—Decisions—Rules in State Courts.**

Where an employment contract was made in New York and broken there, if broken at all by the employer's insolvency, a federal court administering the insolvent's estate in New York would follow the New York rule as to what constitutes a breach of such contract.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–949; Dec. Dig. § 359.\*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

**6. Receivers (§ 90\*)—Breach of Contract—Damages.**

Where an insolvent, having a contract for the employment of claimant and for assignment of certain of his patent rights, went into the hands of a receiver, who transferred the property to a purchaser on September 1, 1910, but did not actually deliver the property until September 22, 1910, claimant's contract rights, in theory at least, not being affected under the transfer, he was entitled to recover against the receivers for the 22 days in September during which they had possession of the property, and neglected or refused to employ him, or deprived him of his rights

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

under the contract, and also for any damage he can show he suffered by the action of the receivers in transferring the property to the purchaser, as well as for past-due payments under his contract.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 164–166; Dec. Dig. § 90.*]

In Equity. Suit by Walter S. Ely and Benjamin G. Hitchings, incorporated, against the Van Kannel Revolving Door Company. Proceedings to settle the account of receivers for the benefit of creditors.

Hitchings & Palliser, for complainants.

Melvin G. Palliser, for receivers.

Charles A. Webber, for J. B. F. Maher.

Edward Jacobs, for Architectural Record Co.

Charles H. Ayres and Lawrason Riggs, Jr., for Walter W. Ife and others.

CHATFIELD, District Judge. One of the attorneys for the complainant creditors has asked for an allowance for his services in this case rendered to the receivers. These attorneys have also asked for a counsel fee for instituting the action and conducting the proceedings generally for the benefit of all creditors, as well as for the particular creditor who acted as complainant.

It appears from the records of the court that this attorney received an allowance of $2,000 for services to the temporary receivers up to October, 1909, and that since that time he has devoted to this work, as attorney for the permanent receivers, nearly an equal amount of time. It would seem that he should receive for these services a similar amount, and that his firm should also now be paid for general services in instituting, planning, and conducting the action. He may be paid, therefore, at the present time a further sum of $2,000, and his firm may be paid an allowance of $1,200, a total of $3,200, for all services to date, in addition to taxable costs and disbursements in the action itself to the complainants.

The attorney for J. B. F. Maher, a creditor of the defendant, asks for an allowance for his services in presenting a claim of $2,486, which was rejected by the receivers but allowed by the master in full. This attorney is entitled to charge his client for the successful litigation of his claim, and he, with respect to this, is in the same position as the attorney for the Architectural Record Company, who likewise filed a claim with the receivers for $809.67, and also in behalf of the record & Guide Company, for $16. These claims were disallowed by the receivers, but on hearing before the master were allowed.

The statements presented by these attorneys are for services entirely alike in character, and, if any allowance can be granted, they should be paid on the same basis, although the attorney for the creditor Maher has presented a much more voluminous explanation of his services.

It would appear from the cases of Harrison v. Perea, 168 U. S. 311, 18 Sup. Ct. 129, 42 L. Ed. 478, and Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157, that a court of equity has jurisdiction over

the allowance of costs and proper expenses, by the party creating or saving the fund in question, if his acts resulted in benefit to all. Such expenses include a counsel fee for bringing and conducting the litigation, over and beyond taxable costs. The presentation of a claim to the receivers and its rejection would not justify an allowance of fees or costs; but the appearance before the master and substantiation of these claims would seem to justify the allowance of any taxable disbursements and of a docket fee, and that allowance will be made to each of these attorneys.

This conclusion necessarily determines the principle of a special allowance to the attorneys for the complainant creditors, except in so far as they have created the fund, which in this instance was made possible by bringing the action, and thus saving to the creditors a greater portion of the estate than would have been realized if no such action had been taken. And, because of this, the allowance to them as attorneys for the complainant creditors of $1,200 over and above their services to the receivers has been included.

Other items allowed by the special master (viz., claim allowed amounting to $170.83, due one Ife or his successors, for salary due to September 1, 1910, for $1,500, payments upon contract up to the same time, and for $208 on royalties under certain assignments of patent rights) are not now disputed, and as to those items the report was correct. In so far as the dividends upon these allowances are claimed by a receiver appointed in an action in the state court, it will be necessary for the receivers, upon payment of the final dividends, to deposit these dividends in a court having competent jurisdiction, unless a release of all the parties claiming thereto can be obtained without such deposit.

The special master has disallowed a claim of $4,160, made by Mr. Ife, or his successors or assigns, for payments to become due from September 1, 1910, on throughout the stipulated period for which the contract above referred to was to run. This contract was not for the entire lifetime of the patents in question, but was based upon an absolute assignment of the patents, with payment to be made only through a period specified, upon certain good will or readiness on the part of Ife to give advice and moral support to the Van Kannel Company. The payments were to be made at regular intervals, and from time to time, in consideration of the agreements by Mr. Ife and his successors in title.

He has claimed before the special master that the action of the receivers in disposing of the property of the company, and in terminating his so-called employment, thereby ending further payments by the Van Kannel Company under its contract, is a breach of contract, and that he is entitled to prove as damages for the breach the total amount of the payments up to the end of the period for which the contract was made.

He cites in support of this the case of Spader v. Mural Decoration Mfg. Co., 47 N. J. Eq. 18, 20 Atl. 378. But that case and the case of Rosenbaum v. Credit System Co., 61 N. J. Law, 543, 40 Atl. 591, do not sustain his present contention. Those cases hold, and the principle

seems plain, that when a contract for services, not of a personal nature for a definite period, was broken by the discharge of the person furnishing the services, whether that discharge be just before or at or after insolvency, a claim for damages for the breach of the contract was legal and should be referred to the proper court, in order that, if a satisfactory measure of damage could be shown, the amount of such damage could be proven.

It was remarked by the New Jersey court in the Rosenbaum Case that an insolvent estate might continue to employ a person for a time, and then break the contract, and that, if any damages could be proven, an opportunity should be given to do so. But the court did not hold, in either of these cases, that upon such a breach, and upon a mere showing of readiness to perform, the claimant could recover for the contract compensation up to the end of the contract period, whether or not the services were or could be rendered.

In the present case the receivers have sold the property and all their rights under the contract with Mr. Ife, and have ceased to employ him or to take advantage of his services in the future. His services were not of such a nature that they were to be rendered to any individual, or such that they could not be transferred with the business. If the contract has any validity because of the assumption of its privileges, the responsibility for its obligations must follow the contract, and they are not provable against the estate which has ceased, under judicial proceedings in this court, to make use of the services, or to receive benefit from the other rights under the contract.

On the other hand, if the contract calls for purely personal services and could be terminated upon a legal termination of the company's activities, then Ife suffered no damage after September 22, 1910.

In New York a contract brought under the insurance law of the state was held terminated by the action of the state in stopping the further transaction of business by the company. People v. Globe Mut. Life Ins. Co., 91 N. Y. 174, and this has been upheld in some other cases, such as Lenoir v. Linville Improvement Co., 126 N. C. 922, 36 S. E. 185, 51 L. R. A. 146, in which the contract had been forfeited and the employment terminated under a state law of which the persons contracting must be held to have had knowledge.

The New York rule would seem to be that any legal termination of business (especially under court order) which could have been reasonably in the minds of the contracting parties as a possible intervention of some vis major could not be relied upon as a breach of contract in case it did occur.

In the present instance the court would follow the New York rule as to what constitutes a breach of contract, inasmuch as this contract was made in New York and broken there, if a breach has occurred.

But the principles applicable to the allowance of claims in the federal courts will follow also the general rules of equity as applied in those courts (many such questions arising under the bankruptcy statute requiring frequent construction of such equity rules). It would seem, also, that even the rule in the New Jersey cases, holding that the claimant was entitled to damages for a breach of his contract, to

the extent that he can prove such damage, is not in conflict with the decision of the master upon this claim.

The receivers did not deliver possession until the 22d of September, while the purchaser took possession as of the 1st of September. Nevertheless, any employment or refusal to employ, or deprivation of rights of the claimant Ife, during those 22 days, was by reason of the receivers' action, and for that period his claim should be allowed against the estate. The termination of the contract, as to the receivers' responsibility, did not occur until September 22d. From that date the property rights conveyed by this contract were not being used by the receivers, but everything had been legally transferred to another party, and Mr. Ife and his successors could have no claim against the receivers, or the estate of the Van Kannel Company, unless they could be shown to have suffered damage by the action of the receivers in transferring the property of the company to a purchaser. No evidence of any damage of this sort was offered, and in theory Ife's contract rights (if he could elect to continue to offer his services) are protected under the transfer, and the claim was properly disallowed.

The situation, while analogous to bankruptcy, is hardly the same as where a termination of such contracts may be effected by a statutory proceeding, for, again, in bankruptcy a contract must be held to have been made in contemplation of what might be the law with relation to such a contract. But in a proceeding in equity it would be the duty of the court to respect all contract rights, from which benefits would be derived to the estate, and also to protect all contract obligations against the estate at the time of liquidation. In the present case it would seem that this could be done by holding, as in the New Jersey cases, that Mr. Ife and his successors would be entitled to a general claim for any damage that they can prove against the estate, but that upon the record here no damages have been shown, and apparently no damage can be shown on the transfer of a contract of this nature.

The allowance to Mr. Ife should be made to cover the extra 22 days, and, as so modified, will be confirmed.